```
 1
 2            IN THE UNITED STATES DISTRICT COURT FOR THE
                     WESTERN DISTRICT OF MISSOURI
 3                         SOUTHERN DIVISION

 4
   UNITED STATES OF AMERICA,      ) Case No. 22-03087-01-CR-S-BCW
 5                                )
           Plaintiff,             ) Springfield, Missouri
 6                                ) November 21, 2022
   v.                             )
 7                                )
   JAMES MICHAEL JUSTICE,         )
 8                                )
           Defendant.             )
 9 _____)

10
              TRANSCRIPT OF HEARING ON CHANGE OF PLEA
11              BEFORE THE HONORABLE DAVID P. RUSH
                CHIEF UNITED STATES MAGISTRATE JUDGE
12
13 APPEARANCES:

14 For the Plaintiff:            Mr. Cameron Beaver
                                 Assistant United States Attorney
15                               901 E. St. Louis Street, Ste. 500
                                 Springfield, MO  65806
16                               (417) 831-4406

17 For the Defendant:            Mr. Stuart P. Huffman
                                 3315 E. Ridgeview, Ste. 4000
18                               Springfield, MO  65804
                                 (417) 882-7400
19
   Court Audio Operator:         Ms. Karla Berziel
20
   Transcribed by:               Rapid Transcript
21                               Lissa C. Whittaker
                                 1001 West 65th Street
22                               Kansas City, MO  64113
                                 (816) 914-3613
23

24
   Proceedings recorded by electronic sound recording, transcript
25 produced by transcription service.
```

1                 (Court in Session at 8:53 a.m.)

2        THE COURT: Calling in *United States vs. James Justice*.
3 The defendant appears in person. The United States appears by
4 Special Assistant United States Attorney, Mr. Cameron Beaver.
5 This matter is set this morning for a change of plea to the
6 Indictment returned against this defendant back on July 13th of
7 this year.

8        Mr. Justice, you have signed a consent to have these
9 proceedings for a plea of guilty before a Magistrate Judge, with
10 the understanding that a United States District Judge, a judge of
11 higher jurisdiction, will keep your case for acceptance of the
12 plea of guilty and sentencing. Even though you've signed this
13 consent you have a right, if you wish, to appear before a United
14 States District Judge, a judge of higher jurisdiction. At any
15 appearance before the District Judge, you are presumed innocent
16 until such time, if ever, as the United States establishes your
17 guilt beyond a reasonable doubt to the satisfaction of the judge
18 or jury. You always have a right to be present and to confront
19 and cross-examine witnesses. You have a right to use the power
20 of the court to subpoena evidence on your behalf and you have a
21 right to testify or not testify as you would choose. And if you
22 chose not to testify it would not be held against you because
23 that is your right. If, after understanding the charge against
24 you, the range of punishment, if convicted, and your right to
25 appear before a District Judge, if you wish, you may waive or

give up that right and proceed this morning before the Magistrate Judge. As I indicated, you have signed such a consent. Do you understand that you have a right to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings?

        MR. JUSTICE: (No audible response).

        THE COURT: You need to speak up.

        MR. JUSTICE: Yes.

        THE COURT: And is it your desire to give up that right and proceed this morning before the Magistrate Judge?

        MR. JUSTICE: Yes.

        THE COURT: And, Mr. Justice, I hear you just fine, but you're going to have to speak up. The hearing is being recorded and then a transcript will made and the transcriptionist sometimes has trouble hearing everyone. You may feel like you're yelling at me, but you're going to have to start projecting and turn the volume up. Okay?

        MR. JUSTICE: Yes.

        THE COURT: You still need to go up a little bit higher if you can. Do you understand the charge against you in the Indictment in this case?

        MR. JUSTICE: Yes.

        THE COURT: Do you understand that if convicted of the charge in the Indictment, that the minimum penalty the court may impose is not less than five years' imprisonment, while the

1   maximum penalty the court may impose is not more than 20 years'
2   imprisonment, not more than a $250,000 fine, not less than five
3   years' supervised release or up to life supervised release, and a
4   $100 mandatory special assessment?
5          MR. JUSTICE:  Yes.
6          THE COURT:  To the charge in the Indictment, how do you
7   wish to plead, guilty or not guilty?
8          MR. JUSTICE:  Guilty.
9          THE COURT:  Would you please raise your right hand as
10  best you can?
11             JAMES MICHAEL JUSTICE, DEFENDANT, SWORN
12         THE COURT:  Has anyone made any threat of any kind to
13  force you to plead guilty or give up any of the other rights
14  we've discussed this morning?
15         MR. JUSTICE:  No.
16         THE COURT:  Has anyone made any promise of any kind to
17  induce you or overcome your will to get you to plead guilty or
18  give up any of the other rights we've discussed?
19         MR. JUSTICE:  No.
20         THE COURT:  I mentioned to you that there was a
21  supervised release term of not less than five years or up to life
22  supervised release that could be imposed in your case.  Do you
23  understand that if that term of supervised release were imposed
24  and then revoked for any reason, that you could be required to
25  serve an additional term of imprisonment of not more than two

1  years, and if that happened, you would receive no credit for any
2  other time you had spent either in custody or on release?
3        MR. JUSTICE:  Yes.
4        THE COURT:  However, if the court were to revoke your
5  supervised release term because you committed a criminal offense
6  under Chapter 109(a), 110, which are child pornography offenses,
7  or 117 or Section 1201 or 1591 of Title 18 of the United States
8  Code, the law may allow the court to impose a period of
9  imprisonment of five years.  And again, under that scenario, if
10 that happened, you would receive no credit for any other time
11 you'd spent either in custody or on release.
12       MR. JUSTICE:  Yes.
13       THE COURT:  Do you understand that the court could then
14 impose an additional term of supervised release, which is
15 governed by the maximum of the statute, minus any time you'd
16 spent in custody as a result of a violation?
17       MR. JUSTICE:  Yes.
18       THE COURT:  Do you understand that by pleading guilty to
19 this offense you will be required under the Sex Offender
20 Registration and Notification Act to register as a sex offender
21 and keep the registration current in each of the following
22 jurisdictions: where you reside, where you are employed and where
23 you are a student?
24       MR. JUSTICE:  Yes.
25       THE COURT:  Do you understand that from a sentence

1  imposed in your case that there is no parole?

2   MR. JUSTICE: Yes.

3   THE COURT: Do you understand that there are Sentencing
4  Guidelines to which the District Judge or the sentencing judge
5  would refer to in an advisory capacity when attempting to fashion
6  a reasonable sentence in your case?

7   MR. JUSTICE: Yes.

8   THE COURT: Have you discussed the Sentencing Guidelines
9  with Mr. Huffman?

10   MR. JUSTICE: Yes.

11   THE COURT: And do you understand them?

12   MR. JUSTICE: Yes.

13   THE COURT: Do you understand that the final decision as
14  to how the guidelines are calculated and ultimately what sentence
15  will be imposed rests with the District Judge?

16   MR. JUSTICE: Yes.

17   THE COURT: If the District Judge would calculate the
18  guidelines differently from what you've discussed with your
19  attorney, that fact would not give you the right to withdraw or
20  change your plea of guilty. Do you understand that?

21   MR. JUSTICE: Yes.

22   THE COURT: Once the District Judge establishes the
23  advisory guideline range, in some circumstances, you could be
24  sentenced above that range and, in other circumstances, you could
25  be sentenced below that range. And again, the judge's decision,

1  if you disagreed, would not give you the right to withdraw your
2  plea of guilty.  Do you understand that?
3           MR. JUSTICE:  Yes, sir.
4           THE COURT:  Now, Mr. Justice, you have a right to a
5  trial by jury with all the protections that I explained to you at
6  the beginning of these proceedings.  Do you understand your right
7  to a trial by jury?
8           MR. JUSTICE:  Yes.
9           THE COURT:  And do you understand that if the court
10 accepts your plea of guilty that there won't be a trial?
11          MR. JUSTICE:  Yes.
12          THE COURT:  Now I'm going to ask you about the offense
13 charged in the Indictment.  I would remind you that you are under
14 oath.  You must answer truthfully.  Any false answers could
15 result in charges of false swearing or perjury.  You always have
16 the right to remain silent.  I want you to listen carefully
17 because in just a moment I'm going to ask the attorney for the
18 United States to state for the record the evidence that he
19 believes they could present at trial to prove or establish your
20 guilt beyond a reasonable doubt to the satisfaction of the judge
21 or jury.  After he's finished I'm going to ask you if you, in
22 fact, did the things that he states for the record he can prove
23 and are, in fact, guilty of the offense charged in the
24 Indictment.  Mr. Beaver.
25          MR. BEAVER:  Thank you, Your Honor.  Your Honor, if this

8

case were to proceed to trial, the Government would present evidence that on February 5th of 2022, the Missouri State Highway Patrol initiated an investigation of the defendant, James Michael Justice, in connection with allegations of sexual assault. On February 15th, 2022, Missouri State Highway Patrol Corporal Evan Tyrrell obtained a search warrant to search the defendant's residence located in Grovespring, Missouri, a location within the Western District of Missouri. The warrant was executed on that same day. Corporal Tyrrell, accompanied by Trooper Sullivan, knocked on the door to the residence and were greeted by Tammy Justice, the spouse of James Michael Justice. Ms. Justice invited the investigators inside the house where they encountered Justice seated in the living room. Justice consented to a search of his phone and computer. Justice stated that he had seen child pornography on the Internet and had conducted search for quote, "LS models," end quote, and, quote, "jail bait." End quote. Justice provided the investigators with a cell phone, but it was apparent that it was not currently in use. Justice was placed under arrest at the conclusion of the interview. Corporal Tyrrell contacted Ms. Justice after placing her husband under arrest. Ms. Justice agreed to assist the investigators in locating Justice's current cell phone. The phone was located under a blanket on a recliner that was occupied by Justice when officers initially entered the residence. Investigators ultimately seized three cellular telephones and two laptop

1  computers.  Corporal Tyrrell obtained a separate search warrant
2  to conduct a search of these devices seized at the Justice
3  residence.  The cellular telephone located on the recliner
4  contained numerous videos depicting child pornography, including
5  prepubescent children engaged in sexual acts with adults.  There
6  were also four recordings that depict the user accessing a child
7  pornography website and watching live streams of children.  One
8  of the laptop computers seized from the residence also contained
9  depictions of child pornography.  The elicit imagery was produced
10 outside of the state of Missouri and traveled in interstate
11 commerce via the Internet.  Your Honor, that would be the
12 Government's evidence if this case were to proceed to trial.
13         THE COURT:  Mr. Justice, you've heard the evidence that
14 the United States has stated they could present at trial to prove
15 your guilt beyond a reasonable doubt.  Did you, in fact, do the
16 things that they've stated that they can prove?
17         MR. JUSTICE:  Yes.
18         THE COURT:  There is an adequate factual basis for the
19 plea of guilty to the Indictment.  I find that the plea is
20 voluntary and did not result from force, threats or promises.
21 And, Mr. Huffman, before I get too far ahead of myself, you've
22 had access to the Government's discovery file in this case, have
23 you not?
24         MR. HUFFMAN:  I have.
25         THE COURT:  And based upon your review of the discovery

1  file, are you satisfied if put to proof, that the United States
2  could make a submissible case as to all the elements pertaining
3  to the Indictment as stated here today in the Factual Basis
4  provided by the United States?
5         MR. HUFFMAN:  Yes, Your Honor.
6         THE COURT:  And, again, I'll make the record that there
7  is an adequate factual basis for the plea of guilty to the
8  Indictment.  Mr. Justice, you are represented in this case by Mr.
9  Huffman.  Have you had enough time to talk with him about your
10 case?
11        MR. JUSTICE:  Yes.
12        THE COURT:  Are you satisfied with the advice that he's
13 given you?
14        MR. JUSTICE:  Yes.
15        THE COURT:  The law requires me to ask you if you are on
16 any medication prescribed by a physician or any drugs or alcohol
17 of any kind which would affect your ability to understand what
18 we're doing?
19        MR. JUSTICE:  No.
20        THE COURT:  Understanding that and the other matters
21 that we've discussed this morning, is it your desire for the
22 court to accept the plea of guilty?
23        MR. JUSTICE:  Yes.
24        THE COURT:  Mr. Beaver, on behalf of the United States,
25 do you have any other record under Rule 11 that you think I need

```
                                                              11
 1  to make?
 2           MR. BEAVER:  No, Your Honor.  Thank you.
 3           THE COURT:  Mr. Huffman, on behalf of the defendant, do
 4  you have any other record under Rule 11 that you think I need to
 5  make?
 6           MR. HUFFMAN:  No, Your Honor.
 7           THE COURT:  I will recommend the plea of guilty be
 8  accepted and I will order a Presentence Investigation to be
 9  conducted by the Probation Office.  With that, we'll be
10  adjourned.
11                     (Court Adjourned at 9:04 a.m.)
```

```
                                                                12
```

          I certify that the foregoing is a correct transcript
from the electronic sound recording of the proceeding in the
above-entitled matter.


          /s/ Lissa C. Whittaker            November 22, 2022
          Signature of transcriber                 Date